JAMES H. HUNDLEY, EMPLOYEE, PLAINTIFF v. FIELDCREST MILLS, EMPLOYER, SELF-INSURED DEFENDANT

No. 8110IC1106

(Filed 6 July 1982)

1. **Master and Servant § 68— workers' compensation—occupational disease —proof of wage-earning impairment**

The plaintiff in a workers' compensation case may prove his wage-earning impairment from an occupational disease by evidence of preexisting conditions such as his age, education and work experience which are such that an injury causes him a greater degree of incapacity for work than the same injury would cause some other person.

Hundley v. Fieldcrest Mills

2. **Master and Servant § 68— workers' compensation—occupational disease —wage-earning impairment—sufficiency of evidence**

Plaintiff presented sufficient evidence of an impairment of his wage-earning capacity because of an occupational lung disease to support an award of compensation for disability from such disease where plaintiff presented the medical report of a pulmonary specialist stating that plaintiff had approximately 20% permanent disability from a lung disease and recommending that plaintiff continue to refrain from areas of high air pollution, and where plaintiff testified that he quit work because he suffered from such shortness of breath that it became necessary for other people to help him with his tasks, he has not worked since he quit his job at defendant's textile mill, he is unable to perform even simple tasks at home because of his shortness of breath, at the time he retired he was 62 years old, had a second grade education and could only read and write his name, and his sole work experience was that of performing unskilled labor in the spinning room of defendant's textile mill. Therefore, where the Industrial Commission found that plaintiff suffered from an occupational disease but failed to make findings as to whether his wage-earning capacity had been impaired by such disease, the cause must be remanded to the Commission for such findings.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award of 17 July 1981. Heard in the Court of Appeals 27 May 1982.

Plaintiff was employed by Fieldcrest Mills in its spinning room for approximately forty-three years. During his employment, he was exposed to respirable cotton trash dust. In 1976, plaintiff suffered such shortness of breath that he became unable to perform his work as a yarn hauler. He quit his job.

On 9 May 1979, plaintiff filed a claim with the North Carolina Industrial Commission seeking benefits for disability resulting from an occupational lung disease. Based upon plaintiff's testimony and submitted medical reports, the Deputy Commissioner found that the shortness of breath experienced by plaintiff was caused by sinus bradycardia. He concluded that plaintiff did not suffer from an occupational disease and denied plaintiff's claim.

Plaintiff appealed to the Full Commission. Its opinion and award contained the following preliminary remark: "[I]t is the opinion of the Full Commission that while plaintiff has shown no compensable disability as a result of an occupational disease, that plaintiff has shown that he has received damage to his lungs as a result of his exposure to respirable cotton trash dust while work-

ing for defendant-employer." The Commission then set aside the opinion and award of the Deputy Commissioner and substituted its own in lieu thereof.

In Finding of Fact No. 10, the Commission found that plaintiff suffered from an occupational disease. It concluded the following:

"As a result thereof, plaintiff has sustained permanent injury to important organs or parts of the body for which no compensation is payable under the provisions of G.S. 97-31(1)(23). The fair and equitable amount of compensation for such permanent injury under the Workers' Compensation Act is $4,000.00. G.S. 97-31(24); G.S. 97-52; G.S. 97-53."

It awarded plaintiff $4,000.00 and unpaid medical expenses.

*Michael E. Mauney, for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter, by J. Donald Cowan, Jr., for defendant appellee.*

VAUGHN, Judge.

Plaintiff argues that the Industrial Commission erred in failing to award him compensation for disability caused by an occupational lung disease. Although we conclude that the evidence does not show compensable disability, as a matter of law, we agree that the opinion and award must be vacated and remanded.

A review of an award of the Commission is limited to two questions of law. We must determine whether the Commission's findings are supported by any competent evidence and whether those findings justify the legal conclusions and award. *Morrison v. Burlington Industries,* 301 N.C. 226, 271 S.E. 2d 364 (1980); *Buck v. Proctor & Gamble Co.,* 52 N.C. App. 88, 278 S.E. 2d 268 (1981). If the findings are insufficient upon which to determine the rights of the parties, the Court may remand the proceeding to the Industrial Commission for further findings. *Byers v. Highway Comm.,* 275 N.C. 229, 166 S.E. 2d 649 (1969).

The present plaintiff sought compensation for disability caused by an occupational disease. In Finding of Fact No. 10, the Commission found that plaintiff had sustained his burden of proof as to whether he suffered from an occupational disease. There is competent evidence to support that finding. The Commission

made no findings, however, concerning plaintiff's evidence of present disability. The only mention of disability is found in preliminary remarks of the opinion and award: "[I]t is the opinion of the Full Commission that while plaintiff has shown no compensable disability as a result of an occupational disease, that plaintiff has shown that he has received damage to his lungs as a result of his exposure to respirable cotton trash dust. . . ."

"Disability" is defined as the "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." G.S. 97-2(9). In the recent decision of *Hilliard v. Apex Cabinet Co.*, 305 N.C. ---, 290 S.E. 2d 682 (1982), the Supreme Court held that the determination of whether a disability exists is a conclusion of law which must be based upon findings of fact supported by competent evidence.

> "We are of the opinion that in order to support a conclusion of disability, the Commission must find: (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury."

305 N.C. at ---, 290 S.E. 2d at 683.

Despite the lack of specific findings of fact as to any of these crucial questions, defendant argues that the present record should not be remanded. It contends that plaintiff offered no evidence of disability at the hearing upon which findings could be made. We disagree.

[1]  In worker compensation cases, the claimant normally has the burden of proving the existence of his disability and its degree. *Hall v. Chevrolet Co.*, 263 N.C. 569, 575, 139 S.E. 2d 857, 861 (1965). It is insufficient for him to show that he has obtained no other employment since his retirement. He must prove that he is *unable* to earn wages in other employment. *Hilliard v. Apex Cabinet Co.*, 305 N.C. at ---, 290 S.E. 2d at 684. Plaintiff may prove his wage-earning impairment by evidence of preexisting conditions such as his age, education and work experience which

are such that an injury causes him a greater degree of incapacity for work than the same injury would cause some other person. *Little v. Food Service*, 295 N.C. 527, 532, 246 S.E. 2d 743, 746 (1978).

[2] In the present case, the only evidence presented were medical reports and plaintiff's testimony. Dr. Kilpatrick, a pulmonary specialist, reported that plaintiff had approximately 20% permanent disability from his lung disease. He recommended that plaintiff continue to refrain from areas of high air pollution. He did not comment on other places of employment. Plaintiff's testimony was that he quit work because he suffered from such shortness of breath that it became necessary for other people to help him with his tasks. He has not worked since he quit his job at the textile mill. He thinks he could be hired as a security guard at the mill but does not believe his lung power is sufficient to walk the rounds. At home, he is unable to perform even simple tasks because of his shortness of breath. At the time plaintiff retired, he was 62 years old, had a second grade education and could only read and write his name. His sole work experience was that of performing unskilled labor in the spinning room of defendant's textile mill.

We hold that plaintiff presented evidence of an impairment of his wage-earning capacity because of an occupational disease. The Industrial Commission was free to accept or reject all or any part of that evidence. *Anderson v. Motor Co.*, 233 N.C. 372, 376, 64 S.E. 2d 265, 268 (1951). To enable a review of its conclusion concerning disability, however, the Commission was required to make specific findings of fact as to plaintiff's earning capacity. *Hilliard v. Apex Cabinet Co., supra.* The Commission failed to do so. We, therefore, remand the present record to the Industrial Commission for proceedings consistent with the opinion herein.

Vacated in part and remanded.

Judges MARTIN (Harry C.) and HILL concur.