ETHA LANIER COOK, EMPLOYEE, PLAINTIFF v. BLADENBORO COTTON MILLS, INCORPORATED, EMPLOYER AND FIREMAN'S FUND INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8210IC413

(Filed 5 April 1983)

1. **Master and Servant § 68— workers' compensation—occupational disease—necessity for findings as to disability**

The Industrial Commission was required to make findings as to whether plaintiff suffered a loss to her earning capacity as a result of her occupational disease and is entitled to disability benefits under G.S. 97-29 where the Commission found that plaintiff sustained a permanent injury as a result of an occupational disease, obstructive lung disease, and awarded her $3,000 for injury to an important internal organ, and where there was evidence tending to show that plaintiff's work experience was in defendant's cotton mill, that she is a nonsmoker and began to have respiratory problems in 1978, that she should not work in an area where she would be exposed to cotton dust, that she has unsuccessfully looked for a job with the company which bought defendant employer and at the local employment office and a retail store, and that plaintiff was not hired by defendant's successor company because she did not score well enough on the pulmonary function test.

2. **Master and Servant § 68— workers' compensation—occupational disease—compensation for injury to important internal organ**

The Industrial Commission did not err in awarding plaintiff $3,000 pursuant to G.S. 97-31(24) for permanent injury to an important internal organ, the lungs, from obstructive lung disease caused by her exposure to cotton dust in her employment since (1) a finding that plaintiff's injury was permanent was supported by the testimony of a medical expert that "bronchodialator medication would be a suitable short-term—meaning months to perhaps several years or more—way in which her symptoms could be minimized and her lung function brought closer to normal," and (2) G.S. 97-31(24) applies to occupational diseases.

APPEAL by plaintiff and cross-appeal by defendants from the opinion and award of the Industrial Commission entered 23 November 1981. Heard in the Court of Appeals 7 March 1983.

Plaintiff was born on 30 January 1918. She worked most of her adult life for Bladenboro Cotton Mills in various winding

departments where the air was full of cotton dust. She was laid off in April 1980. Bladenboro Cotton Mills was bought by Highland Mills in May 1980. Plaintiff applied for a job at Highland Mills, she was given a pulmonary function test, and was not hired. She also unsuccessfully looked for a job at the local employment agency and a retail store.

Plaintiff filed a claim for byssinosis with the Industrial Commission. After a hearing, the Deputy Commissioner made the following pertinent findings of fact and conclusions of law:

4. Plaintiff began to have breathing difficulties in 1978 when she began working at the Number 1 Mill. She coughed and wheezed and felt that she could not get her breath. Her condition appeared to get worse, and she continues to have problems with coughing and wheezing. She has to take her time in climbing stairs and can become overexerted while sweeping. Despite these problems, however, plaintiff applied for work with Highland Mills and wanted to work there. She has not worked since April 1, 1980.

5. Plaintiff has never smoked tobacco products.

6. Plaintiff saw Dr. D. Allen Hayes on October 3, 1980. Dr. Hayes was of the opinion that plaintiff had mild obstructive airways disease and that plaintiff's occupational exposure to cotton dust placed her at a greater risk of contracting this disease than the general public.

7. Dr. Hayes was further of the opinion that although plaintiff's lung function could be returned to normal after bronchodialator treatment, she had some degree of permanent lung impairment, however slight. He testified that plaintiff would benefit from a bronchodialator treatment program. She should not work in an area where she would be exposed to respirable cotton dust.

8. Plaintiff suffers from obstructive lung disease, an occupational disease which is due to causes and conditions which are characteristic of and peculiar to her particular employment in the textile industry, and said disease is not an ordinary disease of life to which the public is equally exposed outside of the employment.

9. As a result of the aforesaid occupational disease, plaintiff has sustained permanent injury to important internal organs, her lungs. The fair and equitable amount of compensation for said permanent injury under the Workers' Compensation Act is $3,000.00.

10. Plaintiff would benefit from a bronchodialator treatment program in that it would tend to lessen plaintiff's disability.

Based upon the foregoing stipulations and findings of fact, the undersigned makes the following

CONCLUSIONS OF LAW

1. Plaintiff suffers from obstructive lung disease, an occupational disease which is due to causes and conditions which are characteristic of and peculiar to her particular trade, occupation, or employment and which is not an ordinary disease of life to which the general public is equally exposed outside of the employment. G.S. 97-53.

2. As a result of her occupational disease, plaintiff has sustained permanent injury to important internal organs for which she is entitled to compensation in the amount of $3,000.00. G.S. 97-31(24).

Plaintiff appealed to the Full Commission alleging that the Deputy Commissioner erred in failing to award benefits for disability under G.S. 97-29. The Commission adopted and affirmed the Deputy Commissioner's opinion and award.

*Hassell, Hudson and Lore, by R. James Lore, for plaintiff appellant.*

*Teague, Campbell, Conely and Dennis, by C. Woodrow Teague and George W. Dennis III, for defendant cross-appellant.*

VAUGHN, Chief Judge.

[1] Plaintiff argues that the Industrial Commission erred in not finding that she was disabled by an occupational disease and entitled to disability benefits under G.S. 97-29.

In general, an opinion and award of the Industrial Commission is conclusive on appeal if the findings of fact are supported

by competent evidence, and the conclusions of law supported by the findings. *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676, *rehearing denied*, 300 N.C. 562, 270 S.E. 2d 105 (1980).

In this case, the Commission found that plaintiff sustained a permanent injury as a result of her occupational disease, and awarded her $3,000.00 under G.S. 97-31(24). The Commission, however, did not make any findings as to plaintiff's disability. Disability, as defined by G.S. 97-2(9), means "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." To support a conclusion of disability our Supreme Court has said the Commission must find the following three facts:

> (1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.

*Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E. 2d 682, 683 (1982).

The Commission found that, except for an eight to ten month period, plaintiff's sole work experience, since she was twenty-five, was in defendant's cotton mill. A nonsmoker, she began to have respiratory problems in 1978. Dr. Hayes testified that plaintiff should not work in an area where she would be exposed to cotton dust. Since plaintiff was laid off, she unsuccessfully looked for a job at Highland Mills, the local employment office, and a retail store. There was some evidence that indicated plaintiff was not hired at Highland Mills because she did not score well enough on the pulmonary function test, which could have been due to her byssinosis. This evidence supported plaintiff's claim of disability. Although the Commission may accept or reject any of plaintiff's evidence, it must make specific findings as to the facts upon which a compensation claim is based, including the extent of claimant's disability. *Priddy v. Cone Mills Corp.*, 58 N.C. App. 720, 294 S.E. 2d 743 (1982); *Hundley v. Fieldcrest Mills*, 58 N.C. App. 184, 292 S.E. 2d 766 (1982). We hold that plaintiff presented evidence of impairment of her wage earning capacity due to her occupational disease. The Commission, therefore, was required to

either accept or reject any or all of plaintiff's evidence and make findings of fact as to whether plaintiff was disabled.

[2]  Defendant cross appeals, arguing that the Commission erred in awarding plaintiff $3,000.00 pursuant to G.S. 97-31(24) and in ordering defendant to provide plaintiff with bronchodialator treatment. G.S. 97-31(24) provides:

> In case of the loss of or *permanent* injury to any important external or internal organ or part of the body for which no compensation is payable under any other subdivision of this section, the Industrial Commission may award proper and equitable compensation not to exceed ten thousand dollars ($10,000). (Emphasis added.)

Defendant contends the evidence does not support the finding that plaintiff's injury was permanent. We disagree. Dr. Hayes suggested plaintiff was permanently impaired when he testified that "bronchodialator medication would be a suitable short-term — meaning months to perhaps several years or more — way in which her symptoms could be minimized and her lung function brought closer to normal." As mentioned above, the Commission may accept or reject any or all of plaintiff's evidence. Clearly, the Commission chose to accept this evidence and found plaintiff was permanently impaired.

Defendant also contends that G.S. 97-31(24) does not apply to occupational diseases. We disagree. In both *Priddy v. Cone Mills, supra,* and *Hundley v. Fieldcrest, supra,* the plaintiffs suffered from byssinosis and were awarded benefits pursuant to G.S. 97-31(24) for their permanent injuries.

Defendant also argues that plaintiff has failed to show she is disabled. As we have mentioned above, there was some evidence which indicated plaintiff was disabled since she could not find another job after she was laid off. Because of this evidence the Commission must make findings of fact as to whether plaintiff suffered a loss to her earning capacity as a result of her occupational disease.

Remanded to the Industrial Commission for proceedings consistent with this opinion.

Judges WEBB and EAGLES concur.