CHRISTINE McCUBBINS, EMPLOYEE v. FIELDCREST MILLS, INC., EMPLOYER, SELF-INSURER

No. 8510IC210

(Filed 18 February 1986)

1. **Master and Servant § 68— workers' compensation—occupational disease—time for filing claim**

   Plaintiff's claim for workers' compensation benefits on the ground that she was disabled by an occupational disease was timely filed where a physician told plaintiff twenty years earlier that she was allergic to cotton dust and should seek other employment, but he did not diagnose her condition as chronic obstructive pulmonary disease or any other lung disease, nor did he tell her that her disease was caused by her work environment, and it was not until several months after her claim was filed that plaintiff was advised by a doctor that her lung disease was related to her work in defendant's mill. N.C.G.S. § 97-58(c).

**2. Master and Servant § 68— workers' compensation—sufficiency of evidence of occupational disease**

    Evidence in a workers' compensation proceeding was sufficient to support a finding that plaintiff had an occupational disease where two physicians testified that plaintiff had chronic obstructive pulmonary disease with elements of bronchitis and bronchiectasis and that, while her disease was probably not caused by cotton dust, they were both of the opinion that the cotton dust contributed significantly to the development of the disease.

**3. Master and Servant § 68— workers' compensation—occupational disease—sufficiency of evidence of disability**

    Evidence in a workers' compensation proceeding was sufficient to support a finding that plaintiff was disabled within the meaning of the Workers' Compensation Act where it tended to show that plaintiff was an uneducated, untrained 62-year-old woman who worked in defendant's mill as long as she could, then worked first as a beautician and then as a nurse's aide until her breathing difficulties made it impossible for her to do any work which required physical activity or exertion.

APPEAL by defendant from the Opinion and Award of the North Carolina Industrial Commission filed 5 December 1984. Heard in the Court of Appeals 26 September 1985.

Based upon findings and conclusions that plaintiff is totally and permanently disabled by an occupational disease contracted while in the defendant's employment, the Industrial Commission awarded her workers' compensation benefits accordingly.

In 1944, when plaintiff began working at defendant's mill in Eden, where cotton was processed and the air was dusty, she was in good health, did not smoke and had no respiratory problem. In 1956 she began coughing, having chest pains and experiencing shortness of breath, and because these symptoms gradually worsened she had to quit her job in 1963. For several years after that she was able to work in a cotton dust free environment, first as a beautician, then as a nurse's aide; but in August, 1974, her breathing problems required her to stop work altogether. Her claim for workers' compensation benefits, in which it was alleged that she was disabled by an occupational disease caused by her exposure to cotton dust while working for defendant, was not filed until 11 August 1981. In a hearing thereafter held, in pertinent part, plaintiff testified that: When her breathing difficulties in the mill first developed she consulted several local physicians, and in 1958 she was referred to Dr. David Cayer in Winston-Salem, an allergist and specialist in diseases of the chest and

lung. Between then and 1963 Dr. Cayer subjected her to various diagnostic tests and told her she was allergic to cotton dust and should seek other employment. In another hearing, Doctors Sieker and O'Neill, pulmonary specialists, testified, in substance, that they examined her in March and May, 1982 and in their opinion she was totally and permanently disabled by chronic obstructive lung disease, the development of which was significantly contributed to by her exposure to cotton dust. Defendant moved to dismiss plaintiff's claim on the grounds that it had not been timely filed.

In an opinion and award filed on 1 February 1984, Deputy Commissioner Shuping found that while in defendant's employment plaintiff had developed chronic obstructive pulmonary disease with components of chronic bronchitis and bronchiectasis, an occupational disease under G.S. 97-53(13), but dismissed the claim for lack of jurisdiction because it was not filed within the time allowed by G.S. 97-58. Upon appeal the Full Commission held that the claim was improperly dismissed and noted that the physician who supposedly first diagnosed plaintiff's lung disease did not testify, that the only evidence of his supposed diagnosis came from plaintiff's own testimony as to a conversation between her and the physician and that her testimony did not support the Deputy Commissioner's conclusion that the doctor then informed her of the nature and work-related cause of her disease. With respect to the evidence concerning plaintiff's knowledge of her condition, the Commission made the following findings:

> 5. . . . Plaintiff's recollection is that Dr. Cayer told her she was allergic to the dust at work and that her condition would get worse if she continued to work. Plaintiff was never informed of the true nature of her lung disease or that it was caused or aggravated by cotton dust. The terms byssinosis and chronic obstructive lung disease were never used or explained to plaintiff.
>
> . . . .
>
> 8. Plaintiff was examined by Dr. William O'Neill, a specialist in pulmonary medicine in March 1982. He diagnosed chronic obstructive pulmonary disease with underlying bronchitis and bronchiectasis. On May 5, 1982, plaintiff was examined by Dr. Herbert Sieker, also a specialist in pul-

monary medicine. Based upon his examination, x-rays, and plaintiff's medical records, his diagnosis was also chronic obstructive pulmonary disease. In the opinion of both physicians, and as we have found, plaintiff's exposure to cotton dust aggravated the development of her lung disease which led to her disability. Both physicians were of the opinion that plaintiff is totally and permanently disabled from all but sedentary work.

*Ling & Farran, by Stephen D. Ling, for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr. and Caroline Hudson, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant first contends that the record shows plaintiff's claim was not timely filed and that it was error for the Commission to vacate the Deputy Commissioner's dismissal of the claim. This contention is without merit. G.S. 97-58(c) provides that "[t]he right to compensation for occupational disease shall be barred unless a claim be filed with the Industrial Commission within two years after death, disability, or disablement as the case may be." Though the two year time limit for timely filing is a jurisdictional requisite, without which the Industrial Commission may not consider a workers' compensation claim, the time does not begin to run against occupational disease claims until the employee is informed by competent medical authority of the nature and work-related cause of the disease. *Taylor v. J. P. Stevens,* 300 N.C. 94, 265 S.E. 2d 144 (1980). Since this is a jurisdictional question, the Commission's findings are not conclusive, *Richards v. Nationwide Homes,* 263 N.C. 295, 139 S.E. 2d 645 (1965), and after reviewing the entire record we must make our own findings thereon. *Lucas v. L'il General Stores,* 289 N.C. 212, 221 S.E. 2d 257 (1976).

Defendant argues, in substance, that plaintiff's own evidence shows that she was advised by Dr. Cayer nearly twenty years before this claim was filed that she had an occupational disease and that the only conclusion that can properly be drawn therefrom is that the Commission's jurisdiction was not timely invoked. But nothing in the record suggests that Dr. Cayer diagnosed plaintiff as having chronic obstructive pulmonary disease, or any other lung disease, or that he told her she had such a disease or

McCubbins v. Fieldcrest Mills, Inc.

that it was caused by her work environment. The import of Dr. Cayer's advice to plaintiff, as we read her testimony, was that she was allergic to cotton dust and should seek other employment. Defendant's reliance on *Dowdy v. Fieldcrest Mills*, 308 N.C. 701, 304 S.E. 2d 215 (1983), *reh. denied*, --- N.C. ---, 311 S.E. 2d 590 (1984), is misplaced, as the plaintiff in that case was informed by a doctor more than two years before he filed his claim that he had a work-related lung disease and was completely disabled by it. Closer to the question presented by this appeal is *Lawson v. Cone Mills*, 68 N.C. App. 402, 315 S.E. 2d 103 (1984). In that case we found that the plaintiff did not know enough about his condition to trigger the running of the statutory period, even though he had been told by a doctor that he had a lung disease, since the evidence also showed that he was not told that his disease was caused by conditions on his job. So far as the record in this case shows it was not until March of 1982, several months after her claim was filed, that plaintiff was advised by a doctor that her lung disease was related to her work in defendant's mill. Accordingly, we adopt the findings made by the Full Commission and reject defendant's contention on this point.

[2, 3] Defendant's other contentions are that the Commission erred in finding and concluding that plaintiff had a compensable occupational disease and that she was totally and permanently disabled. Since these are not jurisdictional questions and the Commission's findings of fact thereon are supported by competent evidence and the findings support the conclusions of law, these contentions must be and are overruled also. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). That plaintiff was at a greater risk than the public at large of contracting chronic obstructive pulmonary disease during the many years that she was exposed to cotton dust in defendant's mill, the evidence leaves no room for doubt. Two physicians testified that plaintiff has chronic obstructive pulmonary disease with elements of bronchitis and bronchiectasis, and that while her disease was probably not caused by cotton dust, they both were of the opinion that the cotton dust contributed significantly to the development of the disease. This evidence is sufficient to support the finding that plaintiff had an occupational disease. *Rutledge v. Tultex*, 308 N.C. 85, 301 S.E. 2d 359 (1983). As to plaintiff's disability the Commission found that she was totally disabled due to her occupational

disease as of 12 August 1974. "Disability" under the Workers' Compensation Act is the incapacity of a worker, due to injury or disease covered by the Act, to earn the wage he was earning prior thereto. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982); *Hundley v. Fieldcrest Mills*, 58 N.C. App. 184, 292 S.E. 2d 766 (1982). The record here supports the finding that plaintiff was so disabled, as it shows an uneducated, untrained 62 year old woman who worked in the mill as long as she could and then worked first as a beautician and then as a nurse's aide until her breathing difficulties made it impossible for her to do any work that required physical activity or exertion. That plaintiff may be capable of doing sedentary work, as the doctors testified, does not establish that she is not disabled, as defendant contends. Disability under the Workers' Compensation Act is not to be equated with physical infirmity. Other factors tending to show the unemployability of the worker, such as age, education and experience, can be considered, *Little v. Anson County Schools Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978), and the Commission's finding in this regard is based not only upon her incapacitating lung disease, but upon "her age, education, background and work experience," which tend to show that she is not employable.

Affirmed.

Judges WEBB and JOHNSON concur.