PHILLIP A. TERRELL, EMPLOYEE, PLAINTIFF v. TERMINIX SERVICES, INCORPO-
RATED, EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER,
DEFENDANTS

No. COA99-1428

(Filed 20 February 2001)

**Workers' Compensation— jurisdiction—occupational dis-
ease—time for filing complaint**

The Industrial Commission properly exercised jurisdiction in
a workers' compensation case when it concluded that plaintiff
employee timely filed his claim for an occupational disease under
N.C.G.S. § 97-58 even though plaintiff was disabled as of 20
September 1992 but was not advised by a competent medical
authority that his disease was a result of his occupation until
April 1994, three months after plaintiff filed his claim, because:
(1) N.C.G.S. § 97-58 provides that the two-year period within
which claims for benefits for an occupational disease must be
filed begins running when an employee has suffered from an
occupational disease which renders the employee incapable of
earning, at any job, the wages the employee was receiving at the
time of the incapacity, and the employee is informed by compe-
tent medical authority of the nature and work-related cause of
the disease; and (2) the statutory period was not triggered since
no testimony was offered that any of plaintiff's doctors informed
plaintiff that his job was causing his disease until after plaintiff
filed his claim with the Commission.

Appeal by defendants from opinion and award of the North
Carolina Industrial Commission filed 5 August 1999. Heard in the
Court of Appeals 8 January 2001.

*Coward, Hicks & Siler, P.A., by Orville D. Coward, for the
plaintiff-appellee.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Dale A.
Curriden, for the defendant-appellants.*

TERRELL v. TERMINIX SERVS., INC.

[142 N.C. App. 305 (2001)]

EAGLES, Chief Judge.

Defendants appeal from an opinion and award of the North Carolina Industrial Commission holding that plaintiff suffers from a compensable occupational disease. Defendants argue that plaintiff failed to notify his employer of his occupational disease within the two-year period prescribed by statute. Because plaintiff gave notice to his employer in ample time, we affirm the decision of the commission.

Plaintiff began working for defendants in 1973. Until 1983 when plaintiff became a supervisor, plaintiff primarily worked in the field. His duties included visiting with customers to explain services; pouring, spraying and applying pesticides in and around customer homes or buildings; hauling and mixing chemicals for use in pest control; and inspecting fumigated premises. As a result of plaintiff's duties at work, he was exposed to approximately 39 different toxic chemicals. When plaintiff was promoted to supervisor in 1983, plaintiff was less frequently directly exposed to the chemicals, although he continued to be exposed 2-3 times a week.

In 1990 plaintiff began to develop headaches and difficulty catching his breath. Plaintiff was initially diagnosed by his internal medicine specialist as having allergic asthma. Plaintiff began missing time from work due to these problems. Later that year, plaintiff was referred to two specialists, one with a subspecialty in allergy, asthma, and immunology. In October 1991, plaintiff had a severe flare-up of his asthma requiring a seven day hospitalization. Plaintiff's condition deteriorated and plaintiff was required to see his physicians more frequently. In 1992, Dr. Benjamin Douglas performed functional endoscopic sinus surgery on plaintiff.

Plaintiff continued to work although his condition was progressively becoming worse. In 1992, plaintiff was hospitalized for 3-5 days on 3 separate occasions. On 20 September 1992 plaintiff became totally incapable of earning wages and resigned his job. Dr. Troxler communicated with the Social Security Administration, stating that plaintiff was totally incapacitated by his asthma. On 24 January 1994 plaintiff filed a Form 18 claim for compensation.

The Commission held that the 24 January 1994 claim was timely filed. Plaintiff was not informed by competent medical authority that there was a probable causal connection between his employment and his disabling asthma until April 1994 when his doctors advised him.

**TERRELL v. TERMINIX SERVS., INC.**

[142 N.C. App. 305 (2001)]

However, plaintiff was notified in June of 1992 that his doctors believed there may be a causal relationship between his employment and his asthma. Dr. Russell opined that a number of chemicals that plaintiff was in contact with could cause plaintiff's respiratory difficulties. Many of them contained organophosphates which are blamed for 5 to 20% of asthmatics' respiratory problems. The doctors opined that plaintiff is temporarily totally disabled from working in any job in the competitive market.

Although defendants present several assignments of error in the record on appeal, they argue only one issue in their appellate brief. Therefore the remaining assignments of error are abandoned. *See* N.C. R. App. P. 28(b)(5). The only issue on appeal is whether plaintiff timely filed his claim.

Whether the claim for an occupational disease was filed timely is an issue of jurisdiction for the commission. "[T]he finding of a jurisdictional fact by the Industrial Commission is not conclusive upon appeal even though there be evidence in the record to support such finding." *Lucas v. Stores*, 289 N.C. 212, 218, 221 S.E.2d 257, 261 (1976). The reviewing courts are obliged to make independent findings of jurisdictional facts based upon consideration of the entire record. *Lawson v. Cone Mills Corp.*, 68 N.C. App. 402, 404, 315 S.E.2d 103, 105 (1984); *Dowdy v. Fieldcrest Mills*, 308 N.C. 701, 705, 304 S.E.2d 215, 218 (1983). N.C.G.S. § 97-58 prescribes a time limit for filing claims for occupational disease.

(b) The report and notice to the employer as required by G.S. 97-22 shall apply in all cases of occupational disease except in case of asbestosis, silicosis, or lead poisoning. **The time of notice of an occupational disease shall run from the date that the employee has been advised by competent medical authority that he has same**.

(c) The right to compensation for occupational disease shall be barred unless a claim be **filed with the Industrial Commission within two years after death, disability, or disablement as the case may be**. Provided, however, that the right to compensation for radiation injury, disability or death shall be barred unless a claim is filed within two years after the date upon which the employee first suffered incapacity from the exposure to radiation and either knew or in the exercise of reasonable diligence should have known that the occupational disease was caused by his present or prior employment.

N.C.G.S. § 97-58(b) and (c) (1999) (emphasis added). In *Taylor v. Stevens & Co.*, our Supreme Court held that sections (b) and (c) of N.C.G.S. § 97-58 must be read *in pari materia. Taylor,* 300 N.C. 94, 265 S.E.2d 144 (1980). The two year period within which claims for benefits for an occupational disease must be filed begins running when an employee has suffered injury from an occupational disease which renders the employee incapable of earning, at any job, the wages the employee was receiving at the time of the incapacity, **and** the employee is informed by competent medical authority of the nature and work-related cause of the disease. *Id.*

Since the cause of plaintiff's disease is not at issue, we address the timeliness of plaintiff's claim. This Court in *Meadows v. N.C. Department of Transportation,* 140 N.C. App. 183, 535 S.E.2d 895 (2000) addressed a similar issue. In *Meadows,* this Court held that to "trigger the running of the statutory time limit, the employee first 'must be informed clearly, simply and directly that [h]e has an occupational disease and that the illness is work-related.'" *Id.* at 190, 535 S.E.2d at 900; *Lawson,* 68 N.C. App. at 403, 315 S.E.2d at 104. The law does not require an employee to diagnose himself or file a claim based on his own suspicions. *Duncan v. Carpenter,* 233 N.C. 422, 427, 64 S.E.2d 410, 414 (1951), *overruled on other grounds,* 300 N.C. 94, 265 S.E.2d 144 (1980).

Here the plaintiff was not notified that he had an occupational disease until April of 1994, some three months after his Form 18 was filed. The doctors testified that they had shared suspicions with each other of a causal relationship between plaintiff's work and health. However, no testimony was offered that any of those doctors informed the plaintiff that his job was causing his disease.

Plaintiff became aware that he was disabled on 30 September 1992 when Dr. Troxler wrote the Social Security Administration notifying them that plaintiff was disabled and totally unable to work. North Carolina's Workers' Compensation Act N.C.G.S. § 97-2 (9) provides, "[t]he term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." *Id.*

Until 20 September 1994, plaintiff had been able to maintain his position with Terminix although he had missed some days. Terminix argues that according to *Dowdy,* plaintiff was unable to earn wages as early as the first hospitalization in 1991. In *Dowdy,* the plaintiff frequently could not work a forty hour week. *Id.,* 308 N.C. at 709, 304

**TERRELL v. TERMINIX SERVS., INC.**

[142 N.C. App. 305 (2001)]

S.E.2d at 220. After reviewing the record in *Dowdy*, our Supreme Court noted that although plaintiff was able to work a few full weeks over the course of 1974, 1975, and 1976, plaintiff was unable to earn wages at the same rate since 1974. *Id.* Further, defendants' reliance on *Dowdy* is misplaced since the plaintiff in that case was informed by a doctor that he had a work-related lung disease more than two years before he filed his claim. *Id.* at 710, 304 S.E.2d at 221.

Here, plaintiff was hospitalized on four separate occasions for one week or less beginning in 1991. He was not "advised by a competent medical authority" that his work was causing his disease until later. Until 20 September 1992 when his doctor declared him disabled, plaintiff was able to work at the same rate as he had been working. Although the evidence shows that plaintiff was not advised of the relationship between his work and his disease as required by N.C.G.S. § 92-58 until 1994, plaintiff was disabled as of 1992. "[D]isability or disablement is one of the triggering factors which begins the running of the two year limitation on filing claims." *Dowdy*, 308 N.C. at 714, 304 S.E.2d at 223.

The question presented here, is much closer to the question presented by *Lawson*. In *Lawson* we concluded that although the plaintiff was told by a doctor that he had a lung disease, the statutory period was not triggered since the evidence also showed that he was not told that his disease was caused by conditions on his job. *Id.*, 68 N.C. App. at 410, 315 S.E.2d at 108; *McCubbins v. Fieldcrest Mills, Inc.*, 79 N.C. App. 409, 413, 339 S.E.2d 497, 499 (1986). In *McCubbins* the record shows it was not until several months after plaintiff's claim was filed, that plaintiff was advised by a doctor that her lung disease was related to her work. *Id.* Here, the record shows that plaintiff was not advised clearly that his work and his disease were related until after plaintiff filed his claim with the commission. Although plaintiff and one of his doctors had shared a suspicion that his work **may** be affecting his asthma; we hold that on this record, sharing a suspicion is not sufficient notice by a competent medical authority.

After reviewing the record, we hold that the statutory factors necessary to start the running of the two year limitation on filing of claims were not in existence until April of 1994. Plaintiff was disabled as of 20 September 1992, but was not advised by a competent medical authority that his disease was a result of his occupation until April 1994. Accordingly, we conclude that the Industrial Commission prop-

**THOMAS v. SELLERS**

[142 N.C. App. 310 (2001)]

erly exercised jurisdiction over plaintiff's claim. Accordingly, the opinion and award of the Commission is hereby affirmed.

Affirmed.

Judges HUDSON and SMITH concur.