***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gheen and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Gheen and enters the following Opinion and Award.
 *********** EVIDENTIARY MATTERS *Page 2 
Plaintiff filed a Motion to Supplement the Record on July 23, 2010. Defendants responded to the Motion on August 5, 2010, and objected to Plaintiff's Motion. After consideration of the written and oral arguments of the parties, Plaintiff's Motion is hereby DENIED.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. That all parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over this matter to the extent jurisdictional questions are considered.
2. That all parties are subject to and bound by the North Carolina Workers' Compensation Act (hereinafter "Act").
3. That all parties have been properly designated, and there is no question of joinder.
4. That insurance coverage by The Hartford (hereinafter "Defendant") for The Freeman Center (hereinafter after collectively "Defendants") existed on date of injury.
5. That the Plaintiff alleges to have sustained a compensable occupational disease of bilateral carpal tunnel syndrome on December 5, 2005.
6. That Plaintiff's average weekly wage was $704.43 for the year preceding the alleged date of injury.
7. That an employment relationship existed between the Plaintiff and Defendant on December 5, 2005.
8. Plaintiff worked from April 17, 1990 through August 10, 2007 as a dental lab technician. *Page 3 
9. Plaintiff's claim was paid as a medical only claim by Defendants with a date of injury of December 5, 2005.
10. That Plaintiff received unemployment benefits to which they agree Defendants would receive a credit. The amount will be determined between the parties.
11. That Plaintiff began working at Country Inn and Suites in May 2008, where she remains employed and its workers' compensation coverage is provided by Argonaut Insurance Company. Both Country Inn and Suites and Argonaut deny that Plaintiff's claim is compensable as to them. Plaintiff's average weekly wage at her employment with this employer will be determined by a Form 22 Wage Chart.
12. The Freeman Center and The Hartford deny Employee-Plaintiff's medical condition and/or disability post August 2007 is related to her employment with them.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born on July 3, 1954, is 56-years old and lives in Stallings, North Carolina.
2. Katrina Freeman and her husband organized The Freeman Center in 1986 as a small dental lab. The business developed successfully over the years and the organizers sold The Freeman Center in October of 2004 to National Dentex Corporation.
3. Plaintiff worked for Defendant from April 17, 1990, through August 10, 2007, as a dental lab technician. She served as a metal grinder for crown and bridge prosthetics. Her job duties included opaquing, sand blasting, and steaming the prosthetics. Plaintiff worked 40 hours *Page 4 
per week, except during the last year of her employment when she was unable to achieve her normal 40 hours per week due to business conditions.
4. Plaintiff developed numbness in both hands, worse on the right side and at night, and initially sought evaluation by Dr. James Pressly of OrthoCarolina on December 8, 2005. Dr. Pressly recommended splints and pain medication. No work restrictions were assigned.
5. Plaintiff returned to Dr. Pressly on March 10, 2006. Examination revealed positive Phalen and Tinel's signs. Dr. Pressly suggested carpal tunnel syndrome release on the right hand but Plaintiff demurred in favor of wearing her splints.
6. On March 16, 2006, Plaintiff sought evaluation by Dr. James R. Boatright, board certified in orthopedic surgery with a subspecialty in hand surgery. Plaintiff reported that her continuing symptoms had been present for the past three years. Plaintiff also reported pain at the base of her thumb. Dr. Boatright diagnosed bilateral carpal tunnel syndrome (CTS) and referred her for an EMG/NCS.
7. On July 7, 2006, Plaintiff returned to Dr. Pressly. He injected her wrist and, consistent with Dr. Boatright's recommendations, referred her for an EMG/NCS evaluation. Plaintiff was released to return to work without restrictions as of July 10, 2006.
8. Dr. Taub performed the EMG/NCS on September 25, 2006. The tests revealed severe right-sided median neuropathy at the wrist consistent with carpal tunnel syndrome.
9. Plaintiff has not medically treated for her hands/wrists since September 25, 2006.
10. All medical treatment provided to Plaintiff for her carpal tunnel syndrome has been paid for by Defendants. Defendants' last payment of medical expenses was on November 1, 2006. The total amount of medical expenses paid by Defendants was $748.84. Plaintiff missed *Page 5 
one day from work following December 5, 2005, as a result of her complaints of wrist pain, therefore, indemnity benefits were not paid.
11. Plaintiff cut her hand on March 22, 2007 in a non-work related incident and reported to an emergency room for treatment. Plaintiff denied any numbness or tingling in her right hand and she did not report wrist pain or numbness.
12. Plaintiff worked at full duty until she was laid off on August 8, 2007, due to the lack of work, discontinuing of her position, and failure to retrain on new technologies and more efficient methods.
13. Subsequent to her lay-off, Plaintiff attempted beauty school and computer classes but was unable to complete either due to pain in her hands.
14. Plaintiff began working as a housekeeper for Country Inn and Suites on May 24, 2008, and worked until approximately September 2009. However, Plaintiff was transferred to duties as a weekend breakfast server because she could not tolerate the pain and swelling in her wrists and arms resulting from housekeeping work. Her working hours were reduced as a result; from 25 to 30 hours per week at $7.00 per hour as a housekeeper, to 8 to 12 hours per week at the same hourly rate as a weekend breakfast server.
15. Plaintiff began working for Allines Staffing Pro in May 2009 and was assigned to Greiner, a manufacturer of testing products for hospitals and doctors, as an inspector packer making $10.00 per hour and working full time.
16. Plaintiff did not file an Industrial Commission Form 18, Notice of Accident to Employer and Claim of Employee, Representative, or Dependent or its equivalent, until June 10, 2008. *Page 6 
17. Defendants purportedly filed a Form 19, Employer's Report of Employee's Injury or Occupational Disease with the Industrial Commission, dated January 10, 2006. This Form 19 bears no Industrial Commission stamp indicating it was actually filed and does not appear in the Industrial Commission file. Defendants filed a subsequent Form 19 on June 9, 2008, that is included in the Industrial Commission file.
18. Defendants filed a Form 61, Denial of Workers' Compensation Claim, simultaneously with the Form 19 filed on June 9, 2008.
19. Dr. Boatright, based upon his one time examination of the Plaintiff, opines that her symptoms are consistent with CTS. When presented with Dr. Taub's test results for the right hand and the failure of splinting and injection to relieve symptoms, Dr. Boatright would have "likely" recommended CTS surgery.
20. Dr. Taub also concluded based on his objective testing that Plaintiff's symptoms were consistent with CTS. Dr. Taub noted Plaintiff's testing indicated a slowing of the median nerve on the right that is consistent with CTS in 95% of all cases, even though he did not exclude other causes such as tumor or infection.
21. The weight of the evidence and its reasonable inferences compels a finding that Plaintiff suffers from CTS.
22. The uncontroverted evidence compels a finding that Plaintiff's thumb symptoms are related to degenerative arthritis and not work related activities.
23. Dr. Boatright was unable to state an opinion as to causation of Plaintiff's condition based on his one time examination and lack of a detailed job description that also provided factual information on the degree of force applied in her work duties, length of time of work, and the rest period between activities. Dr. Boatright's testimony is compelling that multiple other *Page 7 
conditions and circumstances could have caused Plaintiff's CTS or Plaintiff's work could or might have aggravated other conditions.
24. Dr. Boatright has not formed an opinion whether or not Plaintiff's employment increased her risk for developing CTS.
25. Dr. Taub, in response to a rudimentary description of Plaintiff's job duties with the Defendant, opined that it was more likely than not that her job could have contributed to the development of CTS. Dr. Taub's opinion is fraught with uncertainly, and is based on his conclusion that the job duties provided to him in the form of a hypothetical question "would probably" increase the risk of developing carpal tunnel syndrome.
26. Considering the opinions of both physicians, the greater weight of the evidence fails to prove that Plaintiff's CTS was caused or aggravated by her employment with Defendant. Dr. Boatright's opinion is accorded greater weight than that of Dr. Taub.
27. Dr. Boatright's opinion as to increased risk is accorded greater weight than the testimony of Dr. Taub. Dr. Taub's opinion was highly guarded and predicated on a generalized description of Plaintiff's work duties that did not include the consideration of a detailed job description or a video presentation.
28. By Order of the Industrial Commission filed on May 20, 2009, Country Inn and Suites was joined to this workers' compensation action. An Order of the Industrial Commission filed on July 23, 2009, added Defendant Allines Staffing Pro and their insurer, Hartford Underwriters (Travelers), as a necessary party. By Consent Order filed on March 31, 2010, Defendants Country Inn Suites and their carrier, Argo Insurance Company, and Allines Staffing Pro and their carrier, Hartford Underwriters (Travelers) were dismissed from this workers' compensation action. *Page 8 
29. A mediated settlement conference was conducted between the parties on March 17, 2009. Defendants, in the Pre-Trial Agreement, raised for the first time the issue of whether Defendants are entitled to a credit for half of the full mediator's fee paid pursuant to the Rules for mediated Settlement and Neutral Evaluation Conferences.
30. After the hearing before the Deputy Commissioner, Defendants moved for post-hearing discovery in light of possible new evidence. An Order was entered by Deputy Commissioner Gheen on March 11, 2010, granting the request and requiring a response within 15 days of the Order. Plaintiff did not respond as required to the post-hearing discovery posed by Defendants in violation of the Order. Defendants did not file a motion to compel upon Plaintiff's failure to make discovery prior to the closing of the record or request an extension of the record in order to file a motion to compel.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Defendants contend that having paid medical compensation for Plaintiff's injury that Plaintiff's subsequent filing of a Form 18 invokes the one year limitation period for filing for a change of condition in cases in which medical expenses only were paid and Plaintiff's claim is barred. N.C. Gen. Stat. § 97-47.
2. Conversely, Plaintiff contends that a) N.C. Gen. Stat. § 97-47 is inapplicable to claims filed after payment of medical only compensation; b) N.C. Gen. Stat. § 97-24(a)(ii) permits Plaintiff to file a claim within two years of the last payment of medical only compensation; and, alternatively, that c) equity under the facts of this case would bar Defendants' reliance on N.C. *Page 9 
Gen. Stat. § 97-47, if applicable, and d) the one-year limitations period of N.C. Gen. Stat. § 97-47, if applicable to this case, is waived if not affirmatively pled prior to hearing.
3. N.C. Gen. Stat. § 97-47 is inapplicable to the facts of this case in which the Defendants' voluntarily paid medical only benefits pursuant to Rules of the North Carolina Industrial Commission, Rule 104, which are payments that are made without invoking the jurisdiction of the Industrial Commission. Our Supreme Court has held that the award referred to in N.C. Gen. Stat. § 97-47, which prohibits Industrial Commission review after two years from the date of the last payment of compensation, means a final award. Pratt v. Central UpholsteryCo., Inc., 252 N.C. 716, 115 S.E.2d 27 (1960). It is not the receipt of the last payment alone, but the last payment must be pursuant to a "final award." Beard v. Blumenthal Jewish Home,87 N.C. App. 58, 359 S.E.2d 261 (1987). There has been no final award herein to trigger N.C. Gen. Stat. § 97-47 and Plaintiff's claim for additional medical compensation and indemnity is not a change in condition within the purview and meaning of N.C. Gen. Stat. § 97-47.
4. Defendants' voluntary payment of medical bills, standing alone, does not invoke the jurisdiction of the Industrial Commission to adjudicate the rights of Plaintiff for medical or indemnity benefits, and it does not provide a foundation for a plea of the doctrine of estoppel in the face of a defense of violation of the applicable period of limitation for filing claims. In sum, voluntary payment of medical expenses, standing alone, "cannot in any sense be deemed an admission of liability." Knight v. Cannon MillsCo., 82 N.C. App. 453, 467, 347 S.E.2d 832, 841 (1986).
5. Plaintiff's reliance on the two year condition precedent in N.C. Gen. Stat. § 97-24(a) is misplaced. By it express terms, N.C. Gen. Stat. § 97-24(a) provides that this subsection shall not limit the time otherwise allowed for the filing of a claim for compensation for *Page 10 
occupational disease in N.C. Gen. Stat. § 97-58, but in no event shall the time for filing a claim for compensation for occupational disease be less than the times provided for filing a claim for an injury by accident.
6. Whether Plaintiff's claim for an occupational disease was filed timely is an issue of jurisdiction governed by N.C. Gen. Stat. § 97-58(a) (b). Sections (b) and (c) must be read in pari materia. The two year period of limitation in which claims for benefits for an occupational disease must be filed begins running when; a) an employee has suffered injury from an occupational disease which renders the employee incapable of earning, at any job, the wages the employee was receiving at the time of the incapacity, and b) the employee is informed by competent medical authority of the nature and work-related cause of the disease. Taylor v. Stevens Co.,300 N.C. 94, 265 S.E.2d 144 (1980); Terrell v. Terminix Services,Inc., 142 N.C. App. 305, 542 S.E.2d 332 (2001). InPoythress v. J. P. Stevens,54 N.C. App. 376, 283 S.E.2d 573 (1981), dis. rev. denied,305 N.C. 153, 289 S.E2d 380 (1982), the Court of Appeals clarified that the statute creates conditions precedent to confer jurisdiction upon the Industrial Commission and not a statute of limitations. In the instant action, the greater weight of the direct and circumstantial evidence establishes that Plaintiff's treating physicians did not inform her that her employment with Defendant was related to her CTS, therefore, Plaintiff's claim was timely filed. N.C. Gen. Stat. § 97-58.
7. Plaintiff has not sustained a compensable occupational disease as defined by N.C. Gen. Stat. § 97-53(13). Having resolved the conflicts in the medical evidence and giving greater weight to the opinions of Dr. Boatright, Plaintiff has not shown that her employment with Defendant-Employer was a significant causal or aggravating factor in Plaintiff's CTS or other occupational disease. N.C. Gen. Stat. § 97-53(13); Rutledge v.Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983); *Page 11 Booker v. Duke Medical Center,297 N.C. 458, 256 S.E.2d 189 (1939); Futrell v. ResinallCorp., 151 N.C. App. 456, 566 S.E.2d 181 (2002).
8. In addition, Plaintiff has failed to prove by the greater weight of the evidence that her work duties at Defendant placed her at an increased risk to develop CTS as opposed to the general population of North Carolina. N.C. Gen. Stat. § 97-53(13);Jones v. Steve Jones Auto Group, ___ N.C. App, ___,684 S.E.2d 497, dis. reviewdenied, ___ N.C. ___, ___ S.E.2d ___ (2010).
9. Defendants' application to require Plaintiff to pay one-half of the mediation costs in this case is not well taken. Mediation costs are taxed pursuant to Rule 7(c) of the Rules For Mediated Settlement and Neutral Evaluation Conferences. Motions related to the mediation process must, no order to the contrary, be filed with the Commission's Dispute Resolution Coordinator. Rules For mediated Settlement and Neutral Evaluation Conferences, Rule 11.
10. Having failed to file a motion to compel discovery and request sanctions prior to submitting their contentions in this action, and in the discretion of the undersigned, Defendants' motion for sanctions should be denied. N.C. Gen. Stat. § 1A-1, Rule 26(d) (f); Dobson v. Harris,134 N.C. App. 573, 521 S.E.2d 710 (1999).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Defendants' prayer for relief to require Plaintiff to pay one-half of the costs of the mediated settlement costs in this case is DENIED as improvidently filed in the Deputy *Page 12 
Commission Section. Defendants' may address an appropriate motion to the Industrial Commission's Dispute Resolution Coordinator.
3. Defendants' motion for discovery sanctions is DENIED.
4. Each party shall pay their own costs.
This the 3rd day of December, 2010.
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1