An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-608

Filed 18 June 2025

N.C. Industrial Commission, No. 19-733745

MARCELLA LINEBERGER, Widow and Executrix of the Estate of TOMMY WILLIAM LINEBERGER, Deceased Employee, Plaintiff,

v.

GLENN WILLIAMS CONSTRUCTION CO., WILLIAMS CONSTRUCTION CO., CALDWELL ELECTRIC & FURNITURE CO., and ABF FREIGHT SYSTEM, INC. f/k/a CAROLINA FREIGHT CARRIERS CORP., (Self-Insured) Employers, Defendants.

Appeal by defendant from judgment entered 14 February 2024 from the North Carolina Industrial Commission. Heard in the Court of Appeals 12 February 2025.

*Hendrick Gardner Kincheloe & Garofalo LLP by M. Duane Jones and Neil P. Andrews, for defendant-appellant.*

*Wallace and Graham, P.A. by Edward L. Pauley for plaintiff-appellee.*

DILLON, Chief Judge.

Defendant ABF Freight System, Inc., ("ABF") appeals an award entered by the Industrial Commission finding that a former employee, Decedent Tommy Lineberger, suffered lung disease from exposure to asbestos during his employment. For the

reasoning below, we affirm in part, vacate in part, and remanded for further proceedings consistent with this opinion.

# I.    Background

Mr. Lineberger worked as a truck driver for Carolina Freight from 1971 to 1998 when the company was purchased by ABF.  Lineberger then worked for ABF until his retirement in 1999.  In 2016, Mr. Lineberger was diagnosed with mesothelioma. In February 2018, Mr. Lineberger died.

In 2019, Mr. Lineberger's widow, Plaintiff Marcella Lineberger, filed a claim for benefits with the Industrial Commission, alleging the mesothelioma suffered by Mr. Lineberger was caused by his exposure to asbestos while on the job with ABF and its predecessor.  She sought two types of benefits:  (1) benefits for the period of time Mr. Lineberger was still living and (2) benefits based on Mr. Lineberger's death from mesothelioma.

In March 2023, after a hearing on the matter, a deputy commissioner found both claims for benefits compensable.  Defendants appealed this decision to the Full Commission.

In February 2024, after a hearing on the matter, the Full Commission also found Plaintiff's claim to be compensable and awarded her benefits. ABF appealed.

# II.    Analysis

On appeal, ABF contends that the Full Commission erred in awarding Plaintiff

benefits payable to Mr. Lineberger during his lifetime and in awarding Plaintiff death benefits at the rate of $782.07 per week.

We review an award from the Full Commission to determine "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116 (2000).

## A. Benefits Payable During Decedent's Lifetime

Defendant first argues that the Full Commission erred in awarding benefits "payable to Mr. Lineberger during his life", contending the claim was not brought within two years from when Mr. Lineberger was first informed by competent medical authority of the nature and work-related cause of the disease as required by Section 97-58 of our General Statutes.

Subsections (b) and (c) of Section 97-58 provide as follows:

> (b) … The time of notice of an occupational disease shall run from the date that the employee has been advised by competent medical authority that he has the same.
>
> (c) The right to compensation for occupational disease shall be barred unless a claim be filed with the Industrial Commission within two years after death, disability, or disablement as the case may be. Provided, however, that the right to compensation for radiation injury, disability or death shall be barred unless a claim is filed within two years after the date upon which the employee first suffered incapacity from the exposure to radiation and either knew or in the exercise of reasonable diligence should have known that the occupational disease was caused by his present or prior employment.

N.C.G.S. § 97-58(b) and (c) (2023). Our Supreme Court has advised that these subsections "must be construed *in pari materia*" such that a claim for benefits based on an occupational disease must be filed within two years after the employee is first "informed by competent medical authority of the nature and work-related cause of the disease." *Dowdy v. Fieldcrest Mills Inc.*, 308 N.C. 701, 706 (1983). *See Taylor v. J.P. Stevens Co.*, 300 N.C. 94, 97-98 (1980)

Our Court has held that to "trigger the running of the statutory [two-year] time limit to file a claim for an occupational disease," the information from the "competent medical authority" must be communicated to the employee "*clearly, simply and directly* that he has an occupational disease and that the illness is work-related." *Terrell v. Terminix Servs. Inc.,*, 142 N.C. App. 305, 308 (2001) (citation omitted). That is, the fact that an employee has been informed by a doctor he has a disease is not enough to trigger the two-year time limit to file his claim *unless* the employee is also informed "that his condition arose out of his employment or anything clearly to that effect." *McKee v. Crescent Spinning Co.*, 54 N.C. App. 558, 562 (1981).

Our Supreme Court has held that a letter from a doctor notifying an employee that his exam revealed "evidence of dust disease" with a recommendation that the employee "be transferred to some other location . . . where the dust hazard would be negligible" was not enough to clearly inform the employee that he was suffering an occupational disease. *Singleton v. D.T. Vance Mica Co.*, 235 N.C. 315, 321 (1952). *See also Autrey v. Victor Mica Co.*, 234 N.C. 400, 408-10 (1951) (holding that a doctor

informing an employee that he might have symptoms of an occupational disease without providing a conclusive diagnosis was insufficient to trigger the two-year statutory time limit to file a claim).

Plaintiff filed her claim in May 2019. The Full Commission found that in June 2017, 23 months before Plaintiff filed her claim, Mr. Lineberger was *first* informed definitively that he had mesothelioma that was caused by working for Defendant. Accordingly, the Commission determined that Plaintiff's claim was timely filed.

Defendant, though, points to evidence tending to show Mr. Lineberger was informed prior to 2017 – more than two years of the claim being filed - that he had mesothelioma, including the fact that Mr. Lineberger filed a civil suit in late 2016 in which he alleged his disease was caused by his employment at ABF.

Defendant, however, does not point to any evidence where a doctor "clearly, simply, and directly" told Mr. Lineberger that his disease was caused by his employment at ABF. Mr. Lineberger's 2016 civil lawsuit, at best, merely shows that Mr. Lineberger *suspected* that his disease was work-related. Defendant's evidence about Mr. Lineberger's suspicions is not the same as a clear statement from a doctor that his disease was caused by his employment. Accordingly, we hold the Commissioner's finding that Mr. Lineberger was first informed of his disease in 2017 is supported by the evidence.

## B. Death Benefits

Defendant argues the Full Commission erred in awarding Plaintiff death

benefits at the rate of $782.07 per week.

It is our role to determine whether "competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese*, 352 N.C. at 116.

Here, based on the evidence before it, the Full Commission found that Mr. Lineberger had an "average weekly wage of $1,064.96, and [the] resulting compensation rate of $710.01 is fair and just result to both parties." This compensation amount was restated in the Commission's conclusions of law.

However, in the award section of its award, the Commission stated "Defendant-ABF shall pay Plaintiff 500 weeks of death benefits, at the rate of $782.07 per week, beginning on an effective date of February 14, 2018. All compensation that has accrued shall be paid to Plaintiff in one lump sum." The award conflicts with the findings made by the Commission. Accordingly, we remand this portion of the award order for the Commission to enter findings of fact supported by competent evidence and an award for death benefits consistent with its findings.

### III.    Conclusion

For the foregoing reasons, we affirm the portion of the Full Commission's award for benefits which accrued during Mr. Lineberger's lifetime, as the claim for benefits was filed within two years from the date Mr. Lineberger was informed by competent medical authority that he had an occupational disease.

We, however, vacate the portion of the award of death benefits and remand

with instructions that the Full Commission base any award findings supported by the evidence concerning the appropriate weekly rate.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Judges COLLINS and FLOOD concur.

Report per Rule 30(e).